STATE OF NEBRASKA EX REL. LEON J. HASCHKE ET AL., APPELLEES, v. PAUL DUESMAN ET AL., APPELLANTS, IMPLEADED WITH ALFRED HASSENSTAB, APPELLEE.

163 N. W. 2d 594

Filed December 20, 1968. No. 36998.

Walker, Luckey & Whitehead, for appellants.

Wagner & Johnson and Raymond E. Baker, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and SCHMIDT, District Judge.

SPENCER, J.

This is an action in mandamus to compel appellants, members of the board of education of School District No. 67 of Platte County, Nebraska, also known as the school district of Humphrey, a Class III school district, to place the names of two petitioners upon the ballot at the regular election to be held April 2, 1968, as candidates for members of the board of education.

A peremptory writ of mandamus was granted placing petitioners upon the ballot. Petitioners were elected members of the board of education for the term expiring the first Monday in May 1969. Supersedeas was granted, and appellants have perfected their appeal to this court. Appellees heretofore filed a motion to dismiss, on which we reserve ruling. We make no ruling on the merits of the motion but meet the ultimate issue.

In 1967, appellant Vincent Mausbach and appellant Donald Kallweit were duly appointed by the members of the board of education to fill vacancies created by the resignation of elected members of the board whose terms expired on the first Monday in May 1969. The question is whether the board had the power to appoint for the unexpired term or only the power to appoint

until the beginning of the next school year, which would have been the first Monday in May 1968.

Appellees rely on section 79-464, R. R. S. 1943, which reads as follows: "District officers appointed to fill vacancies shall hold their office until the beginning of the next school year. Officers elected at a special meeting shall serve for the remainder of the unexpired term and until their successors are elected and qualified."

Appellants call attention to section 79-807, R. R. S. 1943, which reads in part as follows: "The boards of education of Class III school districts shall have power to select their own officers and make their own rules and regulations not inconsistent with any statute applicable to such districts."

Appellants also call attention to section 32-1045, R. R. S. 1943, which is in part as follows: "Every officer elected or appointed for a fixed term shall hold office until his successor is elected or appointed, and qualified, unless the statute under which he is elected or appointed expressly declares the contrary."

It is appellants' position that section 79-464, R. R. S. 1943, is not applicable because the term "district officers" refers to and is restricted to the president, a vice president, secretary, and treasurer, who are the officers provided by sections 79-808 and 79-809, R. R. S. 1943. We do not so narrowly interpret the statute.

We call attention to section 79-462, R. R. S. 1943, which is as follows: "Every school district office shall become vacant by the death, resignation, removal from office, or removal from the district of the incumbent, by his absence from the district for a continuous period of sixty days at one time, or by his absence from more than two consecutive regular meetings of the board, unless excused by a *majority of the remaining members of the board.*" (Italics supplied.)

The history of the provisions governing Class III schools would indicate that appellants too narrowly define the term "officers." Previous to 1949, the dis-

trict officers of a school district were the moderator, the director, and the treasurer. These three officers also constituted the entire board. In 1949, the Sixty-first Session of the Legislature, by Legislative Bill 1 (Laws 1949, c. 256, p. 689), recodified, revised, adopted, and established a code of laws relating to schools, and classified the various districts.

Section 1 of Article I of the act, which is section 79-101, R. R. S. 1943, defined the term "school board or board of education" as the governing body of any school district.

Section 4 of Article I of Chapter 79 (Laws 1949, c. 256, p. 692), which became section 79-104, R. R. S. 1943, and was repealed in 1965, provided as follows: "All officers of existing school districts shall retain their offices until the expiration of their respective terms. All moderators and directors of existing school districts shall become presidents and secretaries respectively of their districts. Where the classification made by section 79-102 requires *additional* members of the board (the new act provided for six board members for this class district), the same shall be elected at the first annual school meeting or school election held after the effective date of this act." (Italics supplied.) It is obvious that the term "officers" as used therein included board members.

It is also to be noted that section 79-464, R. R. S. 1943, which had been section 79-309 of the previous statute, was incorporated under subheading (e) of Article IV of Chapter 79 (Laws 1949, c. 256, p. 723). This subheading is titled "Officers." It is further to be noted that section 79-463, R. R. S. 1943, empowering the district board or board of education to fill by appointment any vacancy that may occur in its number, is also included under the subhead "Officers."

Section 79-509 of the previous act was section 80 of L.B. 1 and became section 79-441, R. R. S. 1943. In L.B. 1 it is included under subheading (d), "District Board." A reading of section 80 in context indicates the term

"officers" includes board members as well as the president, vice president, secretary, and treasurer, because previous to L.B. 1 the board was solely composed of the moderator, director, and treasurer, who were the only officers and board members.

Previous to the recodification in 1949 of the school law, Class III districts having cities of the first class within their boundaries were covered by section 79-2505, R. S. 1943. It is of interest that such section provided, in the event of a vacancy among members of the board of education, their appointment should continue for the unexpired term. This provision was carried into section 236 of L.B. 1 and became section 79-803.02, R. R. S. 1943. We can only surmise if the Legislature had wanted the provision to be effective for all Class III school districts, it would have so provided.

The judgment herein should be and hereby is affirmed.

AFFIRMED.